NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 25-2964
_____

TYRONE D. JENKINS,
                                          Appellant

v.

WARDEN ALLENWOOD FCI
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 1:25-cv-00730)
District Judge:  Honorable Keli M. Neary
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
July 23, 2026
Before:  BIBAS, PHIPPS, and NYGAARD, *Circuit Judges*

(Opinion filed: August 3, 2026)
_____

OPINION*
_____

PER CURIAM

Tyrone Jenkins appeals pro se from the District Court's order denying his petition

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

for a writ of habeas corpus under 28 U.S.C. § 2241.  We will affirm.

I.

Jenkins is a federal inmate currently serving an eighty-seven-month sentence for unlawful possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) & 924(a)(2).  While imprisoned at FCI-Allenwood Low, he enrolled in the prison's Residential Drug Abuse Program ("RDAP").  By statute, if a prisoner convicted of a "nonviolent offense" successfully completes a program like the RDAP, the Bureau of Prisons ("BOP") may reduce the prisoner's sentence by up to one year.  *See* 18 U.S.C. § 3621(e).  After he enrolled in the RDAP, however, Jenkins was advised that prisoners who have been convicted of a § 922(g) offense are not eligible for early release.  Jenkins challenged the prison's decision through available administrative remedies, but he was denied relief.

In April 2025, Jenkins filed a petition pursuant to 28 U.S.C. § 2241 challenging the BOP's categorical classification of a § 922(g) offense as a "crime of violence."  He asked the District Court to compel the warden at FCI-Allenwood Low "to cease treating [his] offense as violent and to apply the RDAP benefit."  Pet. 3, ECF No. 1.  The District Court denied the petition, and Jenkins appealed.

II.

Jenkins does not need a certificate of appealability to proceed.  *See Reese v.*

*Warden Phila. FDC*, 904 F.3d 244, 246 (3d Cir. 2018). We have jurisdiction under 28 U.S.C. § 1291.[1] Our review is plenary. *See Vega v. United States*, 493 F.3d 310, 314 (3d Cir. 2007). We may summarily affirm if an appeal does not present a substantial question. *See* 3d Cir. LAR 27.4; 3d Cir. I.O.P. 10.6.

### III.

Jenkins argues that the BOP's classification of a § 922(g) offense as a "crime of violence" is contrary to law and exceeds its statutory authority.[2] This argument is, however, based on a prior version of the applicable regulations. As noted above, the BOP has the statutory authority to reduce the sentence of a prisoner convicted of a "nonviolent offense" by up to one year upon completion of a substance abuse treatment program. *See* 18 U.S.C. § 3621(e)(2)(B). In a prior regulation, the BOP defined the term

---

[1] At the time Jenkins initiated this action in the District Court, he was incarcerated at FCI-Allenwood Low. According to the Federal Bureau of Prisons Inmate Locator, he has since been moved to a Residential Reentry Management facility in Pittsburgh. His move does not render his petition moot or otherwise jurisdictionally defective because, even though he has completed the custodial portion of his prison term, he still could obtain a reduction in his overall sentence. *See United States v. Scripps*, 961 F.3d 626, 631 n.3 (3d Cir. 2020) (explaining that a § 2241 petitioner's case is not moot if he is challenging his entire sentence, including the supervised release portion); *see also Rumsfeld v. Padilla*, 542 U.S. 426, 441 (2004) ("When the government moves a habeas petitioner after she properly files a petition naming her immediate custodian, the District Court retains jurisdiction.").

[2] The Government argued that Jenkins's claim was not cognizable under § 2241 because § 3625 prohibits judicial review of RDAP placement decisions. The District Court properly rejected this argument, as Jenkins's primary challenge is not to the BOP's discretionary decision to deny him an RDAP sentence reduction; rather, it is to the limits of the BOP's discretion. *See Standifer v. Ledezma*, 653 F.3d 1276, 1279 n.3 (10th Cir. 2011) ("Although § 3625 may preclude us from reviewing the BOP's substantive decision in [petitioner's] case, it does not prevent us from interpreting the statute to determine whether the BOP exceeded its statutory authority." (quotation marks omitted)).

3

"nonviolent offense" by reference to the definition of a "crime of violence" in 18 U.S.C. § 924(c). *See* 28 C.F.R. § 550.58 (1995). But the BOP later removed the reference to § 924(c) and instead provided for the categorical exclusion of certain classes of prisoners, including prisoners convicted of a felony involving the "carrying, possession, or use of a firearm or other dangerous weapon." 28 C.F.R. § 550.55(b)(5)(ii). The Supreme Court has upheld the BOP's rule that all firearms possession offenses, including offenses under § 922(g), constitute disqualifying violent offenses, *see Lopez v. Davis*, 531 U.S. 230, 244 (2001), and so have we, *see Gardner v. Grandolsky*, 585 F.3d 786, 790–93 (3d Cir. 2009).[3] Accordingly, Jenkins's challenge to the BOP's regulation fails.

## IV.

For these reasons, we will summarily affirm the District Court's judgment.

---

[3] Although *Lopez* and *Gardner* concerned an earlier version of the regulation, the operative language remains the same. The District Court properly rejected Jenkins's argument that *Lopez* is no longer good law in light of *Loper Bright Enterprises, Inc. v. Raimondo*, 603 U.S. 369 (2024). *See id.* at 412 (stating that the Supreme Court's rejection of the *Chevron* doctrine does not "call into question prior cases that relied on the *Chevron* framework").

4